UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:                                             CASE NO:

KENT E. & HOLLY J. SCOTT                           CHAPTER 13

_____Debtor(s)

## CHAPTER 13 PLAN

[X] ORIGINAL OR [ ] AMENDMENT NO:_____ [ ] PRE CONFIRMATION [ ] POST CONFIRMATION

I. GENERAL PROVISIONS

This Plan will use the term "Debtor" to refer to the person or both persons who filed the Petition in this case. Terms listed after a "[ ]" are applicable only if the box is checked.

A. PLAN PAYMENT: The Debtor submits all or such portion of Debtor's future income to the control of the Trustee as is, or may be necessary for the execution of the Plan. The Debtor, or Debtor's employer, shall pay to the Trustee the sum of $ **400.00**    [ ] weekly, [ ] bi-weekly, [ ] semi-monthly, [X] monthly.

Pursuant to Local Rule 3015(c): the Debtor shall submit all disposable income directly to the control and supervision of the Trustee. If the Debtor becomes 30 days delinquent in making payments under the plan, the Trustee may submit a payroll order to the Clerk with an appropriate affidavit (copies to the Debtor and Debtor's counsel) and the Court may enter the payroll order without further hearing. The Debtor shall notify the Trustee immediately of any change of employment until the Plan is completed.
**Pursuant to 11 USC § 1326 the Debtor shall commence making payments not later than 30 days after the date of the filing of the Plan or the Order for Relief, whichever is earlier.**

B. LIQUIDATION TEST: The amount to be distributed on each allowed unsecured claim under the plan shall not be less than the value as of the Petition date of the amount that would be paid on such claim if the estate of the Debtor was liquidated under Chapter 7 of the Bankruptcy Code.

C. DISPOSABLE INCOME & TAX REFUNDS: If this Plan provides for a dividend of less than 100% to all filed and allowed general unsecured creditors, Debtor agrees to pay into the Plan all disposable income as defined in 11 USC § 1325(b)(2) for a period of not less than the Applicable Commitment Period or completion of the Plan, including but not limited to: income tax refunds, property tax credits, gambling winnings, inheritances, judgments, settlements, etc. received during that period. The Debtor agrees to maintain the same level of exemptions as when the case was filed except as dictated by a change in dependency allowance(s) and/or marital status. The Trustee shall have the discretion to increase the percentage to unsecured creditors as a result of additional payments made under this provision.

D. BALLOON PAYMENT: The Debtor shall remit such additional sums as may be necessary to complete payments required under the Plan within 60 months of Plan confirmation. This provision is not in lieu of or a substitute for the regular Plan payments.

E. VESTING OF ESTATE PROPERTY: Upon confirmation of the Plan, pursuant to 11 USC § 1327(b), all property of the estate shall vest in the Debtor, except for: the future earnings of the Debtor, additional disposable income as defined in paragraph I-C, and other property necessary to the Plan (including personal and real property as defined in the Plan and any associated insurance proceeds which may be used by the Debtor, with Court approval, to purchase replacement collateral). 11 USC § 348(f)(1) remains effective in the event of a conversion to another chapter.

F. PROHIBITION AGAINST INCURRING POST PETITION DEBT & DISPOSAL OF PROPERTY: During the term of this Plan, the Debtor shall not incur post-petition debts in excess of $1,000 without first obtaining approval from the Court and may not dispose of any real or personal property with a value greater than $1,000 without first obtaining the consent of the Court pursuant to 11 USC § 364.

  G. <u>UNSCHEDULED CREDITORS FILING CLAIMS</u>: If a creditor's claim is not listed in the schedules, but the creditor nevertheless files a timely proof of claim, the Trustee is authorized to classify the claim into one of the classes under this Plan and to repay the claim within that class, unless the claim is disallowed.

  H. <u>ALLOWANCE OF LATE FILED CLAIMS</u>: Any claim that is late-filed for omitted pre-petition creditors due to failure to receive notice of the Bankruptcy Petition filing shall be allowed as timely filed after the Debtor has filed a proper motion and a hearing on the allowance of said claim has been held.

  I. <u>PLAN REFUNDS</u>: The Trustee may in the exercise of his/her duties to assist the Debtor in performance under the Plan, grant reasonable refunds to the Debtor from funds paid to the Trustee but not distributed to creditors to meet emergency situations which may arise during the course of the Plan. The Plan duration shall be extended to the extent necessary to repay all refunds granted.

II. <u>TREATMENT OF CLAIMS</u>

 A. <u>ADMINISTRATIVE PRIORITY CLAIMS</u>: Debtor shall pay in full, in deferred cash payments, all allowed claims entitled to priority under 11 USC § 507.

  1. The Trustee shall be paid the percentage fee set forth from time to time by the U.S. Department of Justice, Executive Office of the U.S. Trustee. Such fee shall be taken on all Plan receipts at the time the funds are distributed by the Trustee to any party other than the Debtor.

  2. Counsel for the Debtor has received a retainer of $ **926.00** prior to the filing of the case. The balance of attorney fees in the amount of $ **1,674.00** plus additional attorney fees as may be allowed are to be paid as an administrative expense through the Plan. After Trustee fees and prior to ongoing monthly payments to creditors, Counsel for the Debtor shall be paid a minimum of $ **1,000.00** upon confirmation and **100** % of subsequent Plan disbursements to creditors thereafter until paid in full. To the extent there are insufficient funds to pay the secured claims, the attorney fees will not be paid until secured claims are paid as defined by the Plan.

 B. <u>OTHER PRIORITY CLAIMS</u>:

  1. <u>Tax Claims,</u> within this class (allowed claims entitled to priority under § 507) shall be paid in full, in deferred cash payments, subsequent to the payment of all secured claims. These claims consist of the following creditors:

| **NAME** | **AMOUNT** |
|---|---|
| | |

  2. <u>Domestic Support Obligation,</u> alimony, child support or other domestic support obligations which are in arrears as of the petition date shall be paid:

  [ ] within the Plan by the Trustee. These claims consist of the following creditors:

| **NAME** | **AMOUNT** |
|---|---|
| | |

  [ ] directly by the Debtor by consent of the parties.

  3. <u>Other Priority Claims or Payments Provisions</u>:

 C. <u>SECURED CLAIMS</u>:

  1. <u>Debtor's Principal Residence - Mortgage</u>:

   a) Creditor **CITIMORTGAGE** shall retain its lien on the real property. The Creditor shall be paid its regular monthly payment estimated to be $ **1,030.00** in the following manner:

    [**X**] 1. Payment directly by the Debtor to the creditor since the Debtor is current on the payments.
    [ ] 2. Payments through the plan commencing with the first post petition mortgage payment due.
    [ ] 3. Estimated pre-petition mortgage arrearage is $_____. Any claim allowed for an arrearage shall be paid over a reasonable period of time.
    [ ] 4. If the regular monthly payment is being made by the Trustee, upon notification by the mortgagee or land contract holder of any payment increase caused by a variable interest rate change or escrow modification, the Trustee is authorized to automatically increase the plan payment by an amount sufficient to cover the increased

mortgage/land contract payment and the additional Trustee's fees thereon. The Trustee shall amend any wage order in place to include this increase, with notice to the employer, debtor and counsel for the Debtor.

    [X] 5. The regular monthly payment [X] does include an escrow for insurance and real property taxes; or [ ] does not include an escrow for insurance and real property taxes.

    b) Creditor_____ shall retain its lien on the real property. The Creditor shall be paid its regular monthly payment estimated to be $_____ in the following manner:

    [ ] 1. Payment directly by the Debtor to the creditor since the Debtor is current on the payments.

    [ ] 2. Payments through the plan commencing with the first post petition mortgage payment due.

    [ ] 3. Estimated pre-petition mortgage arrearage is $_____. Any claim allowed for an arrearage shall be paid over a reasonable period of time through pro-rata distributions with other secured claimants.

    [ ] 4. If the regular monthly payment is being made by the Trustee, upon notification by the mortgagee or land contract holder of any payment increase caused by a variable interest rate change or escrow modification, the Trustee is authorized to automatically increase the plan payment by an amount sufficient to cover the increased mortgage/land contract payment and the additional Trustee's fees thereon. The Trustee shall amend any wage order in place to include this increase, with notice to the employer, debtor and counsel for the Debtor.

    [ ] 5. The regular monthly payment [ ] does include an escrow for insurance and real property taxes; or [ ] does not include an escrow for insurance and real property taxes.

    c) Real Property Tax Escrow:

    [ ] 1. The Trustee shall escrow $____ per month for the payment of future property taxes on Debtor's residence. The escrow funds will be disbursed upon the Trustee's receipt of a real estate tax bill.

    2. <u>Pre-Petition Real Estate Tax Claims</u> shall be paid pro-rata, subsequent to monthly payments on the Debtor's residence, but together with all remaining secured claims. This creditor shall retain its lien on the real property pursuant to applicable state statute. This creditor shall be entitled to receive its statutory interest and collection fees as set forth on its proof of claim.

    3. <u>Creditors Whose Mortgage is Wholly Unsecured</u>: This class consists of those creditors having a debt secured by a mortgage on the Debtor's residential real property for which there is no equity to secure its claim. This claim is subject to being stripped and its claim reduced to a general unsecured claim. Upon the entry of a discharge by the Court the Debtor may record, with the appropriate County Register of Deeds, this Plan and Order Confirming as evidence that the lien is discharged. Those creditors are as follows:

| **CREDITOR** | **EST CLAIM** | **FMV** | **AGGREGATE AMT OF SENIOR LIENS** |
|---|---|---|---|
| **FIFTH THIRD BANK** | **$35,000** | **$92,000** | **$107,000** |

    This is the Debtor's estimate as to the amount owing the creditor. The claim shall control as to amount of the debt, subject to an objection filed by a party of interest.

    4. <u>Personal Property</u>:

    a) Collateral to be retained: Each secured creditor in this class shall retain its lien and shall be paid as secured to the fair market value of the underlying collateral as set forth below. Each secured creditor shall be paid pro-rata with other secured claims unless otherwise indicated below. The excess if any secured claim over the fair market value of the collateral shall be paid as a general unsecured claim. The interest rate on the secured portion of the claim shall be _____% or the contract rate, whichever is lower.

    b) 11 USC § 1325(a)(5): The holder of such claim shall retain the lien securing such claim until the earlier of the payment of the underlying debt determined under non bankruptcy law; or discharge under section 1328; and if the case under the chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable non bankruptcy law; and the value as to the effective date of the plan, or property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim if payments, such payments shall be in equal monthly amounts; and the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan.

| **CREDITOR** | **COLLATERAL** | **FAIR MARKET VALUE** | **EQUAL MONTHLY PAYMENT** |
|---|---|---|---|

All creditors listed above are to receive the equal monthly payments as listed per the month, during the life of the Plan plus an additional pro-rata amount that may be available from funds on hand.

Each secured creditor in this Class has a lien on a vehicle acquired for the personal use of the Debtor and the debt was incurred within 910 days; or as to other personal property acquired for personal use of the Debtor within 1 year prior to filing of the Petition. Such claim is not subject to cram-down and will be paid the full balance owing. However, the interest will be paid at the rate of _____% or the contract rate, whichever is lower.

| **CREDITOR** | **COLLATERAL** | **BALANCE OWING** | **EQUAL MONTHLY PAYMENT** |
|---|---|---|---|

All creditors listed above are to receive the equal monthly payments as listed per the month, during the life of the Plan plus an additional pro-rata amount that may be available from funds on hand.

If the Trustee is to make pre-confirmation adequate protection payments to a secured creditor, the name, address, account number and payment amount has been provided below as required by Local Bankruptcy Rule 3016. However, the Trustee will not disburse an adequate protection payment until a proof of claim has been filed.

| **CREDITOR NAME & ADDRESS** | **ACCOUNT #** | **MONTHLY ADEQUATE PROTECTION** |
|---|---|---|

5. <u>Relief From Stay</u>: If a creditor obtains relief from the automatic stay at anytime during this proceeding, the Trustee shall make no further payments to this creditor, as to the secured claim, after receipt of an Order for Relief From Stay.

6. <u>Collateral to be surrendered</u>: The following collateral shall be surrendered to the creditor; the stay shall be terminated effective upon entry of the order confirming plan; and any deficiency shall be treated as a general unsecured claim:

| **CREDITOR** | **COLLATERAL** |
|---|---|

D. <u>EXECUTORY CONTRACTS</u>:
 1. <u>Land Contracts</u>: The Debtor shall assume the following land contract(s) and the pre-petition defaults on assumed land contracts shall be treated as follows:

| **CREDITOR** | **PRE-PETITION ARREARS** | **PAYMENT TO CURE** | **ONGOING PAYMENT** |
|---|---|---|---|

The Debtor will reject the following land contract(s):

2. <u>Other Executory Contracts</u>: The Debtor has the following executory contracts, which may include tenancy leases, vehicle leases, so called rent-to-own contracts and the like, which shall be treated as follows:

| **CREDITOR** | **PROPERTY** | **ASSUME OR REJECT** | **PYMT. AMT.** | **# OF MONTHS REMAINING** |
|---|---|---|---|---|
| **ALLY** | **2008 Chevy Impala** | **ASSUME** | **$375.00** | **9** |

The following executory contracts will be paid directly by the Debtor: **ALLY**

The following executory contracts will be paid through the plan and the arrears will be cured over a reasonable period of time:

E. <u>UNSECURED CREDITORS</u>:
 1. <u>General Unsecured Creditors</u>: Claims in this class are to be paid from funds available after dividends to secured and priority creditors and monthly payments to creditors indicated in classes above. The payment allowed to the general unsecured claimants will be satisfied by:
  [ ] a. Payment of a dividend of 100%.
  [ ] b. Payment of a pro-rata share of a fixed amount of $_____ set aside for creditors in this class or a plan term of ____ months, whichever pays more.

[ ] c. Payment of a dividend of at least _____% or a plan term of __ months, whichever pays more.
[ ] d. Payment of 100% plus post petition interest (present value) of __%.
[**X**] e. Payment of that amount remaining after payment of superior classes as set forth above.  Payment to this class shall be on a pro-rata basis.  The term of the Plan shall be **60** months.

2. <u>Special Unsecured Creditors</u>:  Claims in this class may include debts co-signed by an individual other than the Debtor, debts for non-sufficient funds (NSF) checks, for continuing professional services or debts that may be non-dischargeable such as student loans or criminal fines:

**<u>CREDITOR TO BE PAID</u>**          **<u>REASON FOR SPECIAL TREATMENT</u>**          **<u>INTEREST RATE</u>**

[ ] a. Claims of the above creditors will be paid and will be disbursed pro-rata with the unsecured creditors for the first 36 months of the Plan and then paid in full over the remaining term of the Plan.
[ ] b. The special unsecured claim of _____ shall be paid as follows:

III. <u>SPECIAL PROVISIONS</u>

A. <u>TAX RETURNS</u>:  All tax returns which have become due prior to the filing of this case have been filed, except as follows:

B. <u>DEBTOR ENGAGED IN BUSINESS</u>:
[ ] Debtor is self-employed and incurs trade credit in the production of income.
1. 11 USC § 1304(b) and (c) regarding operation of the business and duties imposed upon the Debtor are incorporated herein by reference.
2. The Debtor shall comply with the provisions of the Order Regarding Continued Business Operations entered by the Court, including but not limited to filing with the Trustee such business reports, income tax returns, and any other such documentation regarding the operation of the business as may be required by the Trustee on a monthly basis or otherwise.

IV. <u>OTHER PLAN PROVISIONS NOT SEPARATELY SET FORTH ABOVE:</u>

A. <u>TRUSTEE'S AVOIDANCE POWERS</u>:
The Debtor acknowledges that both pre- and post-confirmation the Trustee has certain avoidance powers pursuant to § 544, § 545, § 547, § 548, § 549, and § 550.  The Debtor acknowledges that any action brought by the Trustee, either pre- or post-confirmation, pursuant to these avoidance powers is preserved for the benefit of the Estate pursuant to § 551.  The Trustee may bring any avoidance action within the period of time set forth in § 546.

DATED: 11/12/10                                    /s/
                                                   Debtor  Kent E. Scott

DATED: 11/12/10                                    /s/
                                                   Co-Debtor  Holly J. Scott

DATED: 11/12/10                                    /s/
                                                   Marshall A. Yee (P35859)
                                                   Attorney for Debtors